```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                  CRIMINAL NO. 3:00-cr-165-WHB
                                  CIVIL ACTION NO. 3:06-cv-619-WHB

**STARSKY DARNELL REDD**


### OPINION AND ORDER

This cause is before the Court on the Motion of Defendant to Vacate Conviction and Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"). As Defendant is proceeding on this Motion *pro se*, his pleadings have been liberally construed. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). The Court has considered the Motion, Response, Rebuttals, attachments to each, as well as supporting and opposing authorities, and finds that the Motion is time-barred and should be denied.

Also before the Court is Defendant's Motion to Amend 28 U.S.C. § 2255 Motion. As Defendant's Motion to Vacate will be dismissed as time-barred, the Court finds that his Motion to Amend should be denied as moot.

### I.  Factual Background and Procedural History

Defendant, Starsky Darnell Redd ("Redd"), was charged, in a superceding indictment, as follows:

>Count One: Conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846;
>
>Count Two: Attempting, aided and abetted by others, to possess with intent to distribute approximately ten kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2;
>
>Count Three: Knowingly possessing and discharging a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

The case was tried to a jury beginning on January 22, 2002. On January 31, 2002, the jury acquitted Redd as to Counts One and Three, and returned a verdict of guilty as to Count Two. Redd was sentenced on May 8, 2002, to a 293 month term of imprisonment, to be followed by five years of supervised release. Redd was also ordered to pay a fine in the amount of $2,500 and a special assessment of $100. Judgment was entered on May 14, 2002.

On May 17, 2002, Redd appealed his conviction to the United States Court of Appeals for the Fifth Circuit. Thereafter, on July 9, 2002, while his appeal was pending, Redd filed a Motion for New Trial, which was denied by this Court on September 24, 2002, for lack of jurisdiction.[1] On December 30, 2003, the Fifth Circuit affirmed Redd's conviction, but remanded the case for consideration of the Motion for New Trial. See United States v. Redd, 355 F.3d 866 (5th Cir. 2003).

---

[1] Redd's first Motion for New Trial and Motion for Judgment Notwithstanding the Verdict was denied on April 22, 2002.

On July 15, 2004, this Court denied Redd's Motion for New Trial.  This decision was affirmed on appeal on August 12, 2005.  See United States v. Redd, No. 04-60661, 2005 WL 1926523 (5th Cir. Aug. 12, 2005).  Approximately one year later, on August 4, 2006, Redd filed a Petition for Writ of Certiorari to the United States Supreme Court for review of the decision on his Motion for New Trial.  The Petition for Writ of Certiorari was denied on October 2, 2006.

On November 7, 2006, Redd filed the subject Motion to Vacate in which he: (1) challenges the sufficiency of the Indictment, (2) argues the Government violated his rights against double jeopardy and to a jury trial, (3) argues the Court misapplied and or applied the wrong Sentencing Guidelines, and (4) claims he received ineffective assistance of counsel.  Redd has also filed a Motion to Amend his Motion to Vacate to raise additional arguments in support of his ineffective assistance of counsel claim.  The Motions, having been fully briefed by the parties, shall now be considered by the Court.

**II.  Discussion**

**A.  Timeliness**

The Government argues that the subject Motion to Vacate should be dismissed as untimely.  Under 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of-

>    (1) the date on which the judgment of conviction becomes
>    final ...

28 U.S.C. § 2255.  In cases in which the defendant appeals his conviction, the Supreme Court has held that the judgement of conviction becomes "final" for the purposes of Section 2255 "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  Clay v. United States, 537 U.S. 522, 525 (2003).  See also United States v. Gamble, 208 F.3d 536, 537 (5th Cir. 2000).  Under the Rules of the Supreme Court of the United States: "A petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by ... a United States court of appeals ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."  SUP. CT. R. 13.

In the case *sub judice*, the Fifth Circuit affirmed Redd's conviction on December 30, 2003.  See United States v. Redd, 355 F.3d 866 (5th Cir. 2003).  Redd did not file a Petition for Writ of Certiorari to the Supreme Court seeking a review of that decision and, therefore, Redd's conviction became "final" for the purposes of Section 2255 ninety days thereafter, on March 29, 2004.  See Clay, 537 U.S. at 525; Gamble, 208 F.3d at 537.  As Redd did not file the subject Motion to Vacate until November 7, 2006, it is clearly time-barred by the applicable one-year statute of limitations.

Redd, however, argues that the subject Motion to Vacate is timely because it was filed within one year of the date on which the Supreme Court denied his Petition for Writ of Certiorari seeking review of the appellate decision on his Motion for New Trial.  In other words, Redd argues that the filing of a motion for new trial under Rule 33 of the Federal Rules of Criminal Procedure tolls the applicable statute of limitations until appellate review of the Rule 33 motion is concluded.

Although this Court was unable to find any Fifth Circuit precedent addressing the issue of whether a Rule 33 motion tolls the statute of limitations under 28 U.S.C. § 2255, several courts have held that the statute of limitations is not tolled because a motion for new trial has been filed.  See e.g. Barnes v. United States, 437 F.3d 1074 (11th Cir. 2006) (concluding that defendant's "motion for new trial, even though it was filed while his direct appeal was pending ... had no effect on when his conviction became 'final' for the purposes of triggering [the] one-year statute of limitations" under 28 U.S.C. § 2255 and that "filing a Rule 33 motion for new trial does not ... toll the period of time for timely filing a § 2255 motion."); Trenkler v. United States, 268 F.3d 16 (1st Cir. 2001) (holding that a "Rule 33 motion for a new trial is not part of the 'direct appeal' from a judgment of conviction unless incorporated into that appeal by virtue of Rule 4(b)" and, therefore, does not toll the applicable statute of

limitations under 28 U.S.C. § 2255); Johnson v. United States, 246 F.3d 655 (6th Cir. 2000) (holding that a Rule 33 motion for new trial filed after the ten-day period prescribed in Fed. R. App. P. 4(b)(3) "must be treated as a collateral challenge for purposes of § 2255's limitations period" and therefore, the pendency of such motion "does not interfere with the finality of the judgment that is attacked"; and that "a delayed Rule 33 motion has no *per se* impact" on the limitations period prescribed in 28 U.S.C. § 2255); United States v. Prescott, 221 F.3d 686 (4th Cir. 2000) (declining "to toll the limitations period of § 2255 while a petitioner pursues relief under Rule 33."). See also O'Connor v. United States, 133 F.3d 548 (7th Cir. 1998) (finding that the district court had jurisdiction to consider a motion under 28 U.S.C. § 2255 even though the defendant's appeal of the decision to deny his motion for new trial was still pending).

For the reasons stated in the above referenced cases, the Court finds that the one-year statute of limitations for filing a Motion to Vacate under 28 U.S.C. § 2255 was not tolled during the period Redd's Rule 33 Motion for New Trial was pending. Accordingly, the Court finds that Redd's conviction became "final" for the purposes of filing his Motion to Vacate under Section 2255 on March 29, 2004, and that the one-year limitations period for filing such motion expired on March 29, 2005. As Redd did not file the subject Motion to Vacate until November 7, 2006, and as he has

not presented any additional grounds for applying the doctrines of statutory or equitable tolling in this case, the Court finds that his Motion to Vacate should be dismissed as time-barred, and that his Motion to Amend his Motion to Vacate should be dismissed as moot.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate Conviction and Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 [Docket No. 197] is hereby denied.  A Final Judgment dismissing this case with prejudice shall be entered this day.

IT IS FURTHER ORDERED that Defendant's Motion to Amend Pending 28 U.S.C. § 2255 Motion [Docket No. 206] should be denied as moot.

SO ORDERED this the 17th day of January, 2008.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE